1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   ANA CORONADO, an individual,                Case No.:  23cv2123-LL-KSC

12                               Plaintiff,
                                              **ORDER GRANTING MOTION TO**
13   v.                                       **REMAND**

14   GENERAL DYNAMICS
     INFORMATION TECHNOLOGY, INC.;            **[ECF No. 10]**
15   et al.,

16                               Defendants.

17

18

19        Pending before the Court is Plaintiff Ana Coronado's ("Plaintiff") Motion to

20   Remand for lack of subject matter jurisdiction. ECF No. 10. Defendants General Dynamics

21   Information Technology, Inc. ("General Dynamics") and Hector Escalante filed an

22   Opposition, and Plaintiff filed a Reply. ECF Nos. 12, 13. For the reasons stated herein, the

23   Court **GRANTS** Plaintiff's Motion to Remand.

24   **I.     FACTUAL BACKGROUND**

25        Plaintiff brought this action against Defendant General Dynamics for alleged sexual

26   harassment, discrimination, and retaliation. ECF No. 1 at 34-55. Plaintiff originally brought

27   this action in San Diego Superior Court, but Defendant General Dynamics subsequently

28   removed the action, invoking both diversity jurisdiction and the Court's federal question

1    jurisdiction. ECF No. 1 at 1-21. Plaintiff filed an Amended Complaint on December 1,

2    2023, which added Defendant Hector Escalante, a non-diverse defendant, precluding

3    diversity jurisdiction. ECF No. 5 ("Amended Complaint"). Plaintiff filed the pending

4    Motion to Remand on January 17, 2024. ECF No. 10.

5         Plaintiff alleges in her operative Complaint that she began her employment with

6    General Dynamics in our around July 21, 2021" and that "shortly after the beginning of

7    her employment [she] was subject to harassing and discriminatory behavior from her direct

8    supervisor, Escalante." Amended Complaint ¶¶ 14-15. Eventually, after almost two years

9    of the alleged harassment, on or about February 17, 2023, Plaintiff requested a disability

10   leave of absence, which she is currently on. *Id.* ¶ 51-52; *see also* ECF No. 12-2 ¶ 9.

11        Plaintiff filed a Declaration in support of her Motion to Remand that "as part of her

12   employment with General Dynamics" she was required to work at multiple locations

13   including "BAE Systems," "NASSCO" and another location located at "677 Anita Street,

14   Chula Vista, CA 91911." ECF No. 10-2 ¶¶ 2-5. Plaintiff states that she "understood

15   Escalante to be [her] supervisor at [those] location[s]" and that "he would harass [her] at

16   [those] location[s]." *Id.* Plaintiff further states that she worked at "Navy Base San Diego

17   for a total of approximately two or three months around October and November of 2021"

18   but she "never saw Hector Escalante at this location because it was [her] understanding

19   that he did not have clearance to access Navy Base San Diego." *Id.* ¶ 6.

20        Defendants also submitted a Declaration in support of their Opposition to the Motion

21   to Remand from Valerie Hinton, the Human Resources Business Partner at General

22   Dynamics. ECF No. 12-2. Ms. Hinton states that "Plaintiff worked exclusively on the USS

23   Preble at Naval Base San Diego from August 3, 2021, through October 8, 2021" and that

24   "Hector Escalante began supervising Plaintiff on September 11, 2021, while she was

25   working on the USS Preble at Naval Base San Diego." *Id.* ¶¶ 3, 10-11.

26   **II.    LEGAL STANDARD**

27        "'Federal courts are courts of limited jurisdiction,' possessing 'only that power

28   authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct.

1059, 185 L.Ed.2d 72 (2013) (citation omitted). A federal district court has jurisdiction over a civil action removed from state court only if the action could have been brought in the federal court originally. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Thus, for an action to be removed based on federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "[T]he subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

### III.   DISCUSSION

#### a.   Summary of Parties' Arguments

In their Notice of Removal, Defendants contend that removal is warranted because Plaintiff's claims relate to her employment with General Dynamics on "dock-yards," including the Naval Base San Diego. ECF No. 1 ¶ 40. Defendants state that "Plaintiff is employed in a Welder, Combination, Maintenance capacity and performed maintenance on auxiliary and support ships for the United States Navy anchored at Naval Base San Diego from approximately July 2021 through present." *Id.* ¶ 41. Defendants argue that "Naval Base San Diego, formerly known as The Destroyer Base, became a federal enclave on February 23, 1922, pursuant to General Order No. 78 of the Navy Department and the State of California authorized the transfer of land." *Id.* ¶ 42.

23cv2123-LL-KSC

1   Plaintiff argues that Defendants have failed to establish the Naval Base of San Diego

2   is a federal enclave. Motion to Remand at 11. Plaintiff states "[w]hether federal enclave

3   jurisdiction exists is a complex question, resting on such factors as where the events

4   underlying the action occurred on the property, whether the federal government exercises

5   exclusive or concurrent jurisdiction over the property, when the property became a federal

6   enclave and what the state law was at that time, whether that law is consistent with federal

7   policy, and whether it has been altered by national legislation." *Id.* (citing *Zuniga v.*

8   *Chugach Maint. Servs.*, 2006 U.S. Dist. LEXIS 25068 at *12 (E.D. Cal. Mar. 24, 2006)

9   (internal citation omitted).

10   The crux of Plaintiff's argument is that even assuming arguendo that Naval Base

11   San Diego is a federal enclave, "[i]n determining whether to apply the federal enclave

12   doctrine, courts look to where the alleged unlawful acts took place." Motion to Remand at

13   13, 15. Plaintiff argues that "[she] worked outside of Naval Base San Diego more often

14   than not, which is the only location Defendant claims to be a federal enclave in its Notice

15   of Removal." *Id*. at 16. Plaintiff states that the majority of the time that she worked for

16   General Dynamics she was not at Naval Base San Diego, but rather at "'BAE Systems'

17   (generally located at 2205 Belt St., San Diego, CA 92113), 'NASSCO' (generally located

18   at 2749-2777 E Harbor Dr., San Diego, CA 92113), and General Dynamics' 677 Anita

19   Street location." *Id.* Plaintiff argues that there was only a 27-day period in which she

20   worked at the Naval Base when Escalante was one of her supervisors and that nothing in

21   her operative Complaint indicates that the harassing conduct occurred at the Naval Base.

22   Reply at 10. Plaintiff's Declaration states that it was her understanding that Escalante did

23   not have the requisite security clearance to enter the Naval Base San Diego and that

24   Plaintiff never once saw Escalante on the Naval Base in San Diego. Coronado Decl. ¶ 6.

25   In sum, Plaintiff argues that "because Plaintiff and others were primarily, if not exclusively,

26   sexually harassed outside of Naval Base San Diego [at the other sites that Plaintiff worked

27   for the remaining period of her employment], the federal enclave status of Naval Base San

28   Diego should have no bearing on jurisdiction." Motion to Remand at 17.

23cv2123-LL-KSC

1    Defendants oppose on the grounds that federal enclave jurisdiction applies because

2  "Naval Base San Diego is (and has previously been acknowledged by this Circuit as) a

3  federal enclave with exclusive legislative jurisdiction; her claims arise from conduct

4  alleged to have occurred on [Naval Base San Diego], and Plaintiff's likely reliance upon

5  (and misinterpretation) of the legislative language and history underlying the establishment

6  of [Naval Base San Diego] do not abrogate the exclusive federal jurisdiction over [Naval

7  Base San Diego]. Opposition at 6. Defendants further argue that the "locus in which the

8  claim arose is the federal enclave itself." *Id.* at 13 (citing *In re High-Tech Employee*

9  *Antitrust Litigation*, 856 F. Supp. 2d 1103, 1125 (N.D. Cal. 2012)). Defendants argue that

10  the "'locus' is determined by when and where facts giving rise to the cause of action

11  originated – that is, whether the Plaintiff had claims before, as a result of, or after the

12  occurrence of offending conduct that is alleged to have occurred on a federal enclave." *Id.*

13  Defendants argue that "it is uncontested that Plaintiff began her employment – and her time

14  working under Defendant Escalante – on the federal enclave at which [Naval Base San

15  Diego] is located" and that "[t]his is enough." *Id.* (internal citations omitted).

16       **b. Request for Judicial Notice**

17       Defendants ask the Court to take judicial notice of two documents in support of their

18  Opposition. ECF No. 12-1. The Court may take judicial notice of facts that are "not subject

19  to reasonable dispute that is either (1) generally known within the territorial jurisdiction of

20  the trial court or (2) capable of accurate and ready determination by resort to sources whose

21  accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Specifically, Defendants

22  request judicial notice of the following documents: (1) General Order No. 78, establishing

23  the Destroyer Base on February 23, 1922; (2) California Legislature, Stats. 1919, Ch. 82,

24  giving consent to the United States government to acquire land for public defense. ECF

25  No. 12-1 at Exhibits A and B.

26       Plaintiff did not file an opposition or objection to the Request for Judicial Notice,

27  but in Plaintiff's Motion to Remand, Plaintiff argues that "even if Naval Base San Diego

28  is a federal enclave, Defendant has failed to demonstrate what form of federal enclave

1    exists at Naval Base San Diego." Motion to Remand at 10. Plaintiff argues that because

2    "Defendants' sexual harassment occurred outside Naval Base San Diego" the "status of

3    Naval Base San Diego as a federal enclave is irrelevant." *Id.*

4        The Court concludes that it may appropriately consider these documents for

5    purposes of the pending Motion to Remand, but for the reasons set forth below finds that

6    Defendants have not satisfied their burden to establish federal enclave jurisdiction.

7        **c.  Analysis**

8        The "federal enclave doctrine permits federal courts to exercise jurisdiction

9    over…claims that arise in federal enclaves." *Coleman v. Trans Bay Cable, LLC*, No. 19-

10   CV-02825-YGR, 2019 WL 3817822, at *3 (N.D. Cal. Aug. 14, 2019). "Federal enclave

11   jurisdiction is a subspecies of federal question jurisdiction, which is a form of subject

12   matter jurisdiction vested in federal district courts by 28 U.S.C. § 1331." *Lawler v. Miratek

13   Corp.*, No. EP-09-CV-252-KC, 2010 WL 743925, at *2 (W.D. Tex. Mar. 2, 2010).

14   Removal on the basis of federal enclave jurisdiction is effected under § 1441, which is

15   construed *against* removal. *Id.* at *1 (emphasis added); *see also Earth Island Institute v.

16   Crystal Geyser Water Co.*, 521 F. Supp. 3d. 863, 2021 WL 684961, at *1 (N.D. Cal. Feb.

17   23, 2021) (applying general removal approach to federal enclave jurisdiction). Consistent

18   with that approach, Defendants bear the burden to show that the material events alleged in

19   the Complaint and giving rise to Plaintiff's claims occurred on a federal enclave. *Coleman*,

20   2019 WL 3817822, at *3; *see also Willis v. Craig*, 555 F. 2d 724, 725 (9th Cir. 1977)

21   (district court did not have jurisdiction where accident did not occur on federal enclave).

22       Here, whether the Naval Base San Diego is in fact a "federal enclave" for purposes

23   of federal enclave jurisdiction is not as obvious as Defendants suggest. Defendants rely on

24   *Carvajal* to support that "as an active military base for the United States Navy, Naval Base

25   San Diego indisputably holds the status of a federal enclave." Opposition at 9 (citing

26   *Carvajal v. Pride Indus., Inc.*, 2013 WL 1728273, at *5 (S.D. Cal. April 22, 2013)). As an

27   initial matter, *Carvajal* was in the context of a motion for summary judgment and the

28   plaintiff in that case did not dispute that the relevant events occurred on a federal enclave.

1  2013 WL 1728273, at \*12.  Here, the facts and procedural posture are different. Plaintiff

2  contends that the alleged underlying events did not occur at the Naval Base San Diego, but

3  occurred at the various other locations that she worked for General Dynamics. Courts have

4  held that the "federal enclave doctrine applies only when the locus in which the claim arose

5  is the federal enclave itself." *In re High-Tech Employee Antitrust Litigation*, 856 F. Supp.

6  2d at 1125. In making that determination, courts look to where the "substance and

7  consummation of the claim occurred" as well as where "all pertinent events occurred."

8  *Smesler v. Sandia Corp.*, No. 17-cv-488-SCY/KK, 2018 WL 1627214, at \*8 (D.N.M.

9  March 30, 2018); *see also Jamil v. Workforce Res., LLC.*, 2018 WL 2298119, at \*4 (S.D.

10  Cal. May 21, 2018) ("Although some events took place on Camp Pendleton and others

11  took place at Defendants' office, it is clear that the majority of the pertinent events took

12  place on a federal enclave."); *County of San Mateo v. Chevron Corporation*, 32 F.4th 733,

13  750 (9th Cir. 2002) (finding energy companies failed to establish that a federal issue is

14  "necessarily raised" by the complaints because the connection between conduct on federal

15  enclaves and the [] alleged injuries is too attenuated and remote to establish the [plaintiff's]

16  cause of action is governed by federal enclave jurisdiction.).

17         The Court agrees with Plaintiff that her claims did not arise within the "federal

18  enclave itself" and are therefore not governed by the federal enclave doctrine. *See In re*

19  *High-Tech High*, 856 F. Supp. 2d at 1125. While Plaintiff alleges that she began her

20  employment at the Naval Base San Diego, the operative Complaint does not identify the

21  Naval Base as the location of where any of the harassment, discrimination or retaliation

22  occurred. In fact, Plaintiff's Declaration states that she primarily worked at locations other

23  than the Naval Base San Diego and that Escalante harassed her at the other locations.

24  Plaintiff further states that she never saw Escalante at the Naval Base San Diego and that

25  it was her understanding that he did not have security clearance to enter that location. In

26  light of the above, the Court finds that the connection between the alleged conduct at the

27  Naval Base San Diego and Plaintiff's alleged injuries is too attenuated and remote to

28

23cv2123-LL-KSC

1  establish federal enclave jurisdiction. Accordingly, Defendants have failed to meet their
2  burden and the Court finds that there is no federal enclave jurisdiction in this case.

3  **IV.   CONCLUSION**

4      Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Remand is
5  **GRANTED**. The Clerk of Court shall **CLOSE** this case.

6

7  Dated:  July 1, 2024

8
9                         Honorable Linda Lopez
                       United States District Judge

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

23cv2123-LL-KSC